Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Meghan E. George (SBN 274525)
Thomas E. Wheeler (SBN 308789)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard Street, Suite 780
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
mgeorge@toddflaw.com
twheeler@toddflaw.com
***Attorneys for Plaintiff***

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHYLLIS ANDREWS, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> TELEFUND, INC., and DOES 1 through 10, inclusive, and each of them, <br><br> Defendant. | Case No. <br><br> **CLASS ACTION** <br><br> **COMPLAINT FOR VIOLATIONS OF:** <br><br>    1.   NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227(c) <br>    2.   WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227(c) <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff PHYLLIS ANDREWS ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

1.     Plaintiff brings this action individually and on behalf of all others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of TELEFUND, INC. ("Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's home telephone which is registered on the National Do-Not-Call Registry in violation of the Telephone Consumer Protection Act, *47. U.S.C. § 227 et seq.* ("TCPA"), thereby invading Plaintiff's privacy.

## JURISDICTION & VENUE

2.     Jurisdiction is proper under *28 U.S.C. § 1331* because Plaintiff alleges violations of federal law, in particular the Telephone Consumer Protection Act, *47 U.S.C. § 227 et seq.*

3.     Venue is proper in the United States District Court for the Central District of California pursuant to *18 U.S.C.  1391(b)* and *18 U.S.C. § 1441(a)* because Defendant does business within the State of California and the conduct at issue occurred within the County of Riverside.

## PARTIES

4.     Plaintiff, PHYLLIS ANDREWS ("Plaintiff"), is a natural person residing in Banning, California and is a "person" as defined by *47 U.S.C. § 153 (39)*.

5.     Defendant, TELEFUND, INC. ("Defendant") is a telemarketer who solicits money for companies, and is a "person" as defined by *47 U.S.C. § 153 (39)*.

6.     The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants."  The true names and capacities of the

1  Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are
2  currently unknown to Plaintiff, who therefore sues such Defendants by fictitious
3  names.  Each of the Defendants designated herein as a DOE is legally responsible
4  for the unlawful acts alleged herein.  Plaintiff will seek leave of Court to amend
5  the Complaint to reflect the true names and capacities of the DOE Defendants
6  when such identities become known.

7  7.    Plaintiff is informed and believes that at all relevant times, each and
8  every Defendant was acting as an agent and/or employee of each of the other
9  Defendants and was acting within the course and scope of said agency and/or
10  employment with the full knowledge and consent of each of the other Defendants.
11  Plaintiff is informed and believes that each of the acts and/or omissions
12  complained of herein was made known to, and ratified by, each of the other
13  Defendants.

14  **FACTUAL ALLEGATIONS**

15  8.    Beginning in or around December 2015, Defendant contacted
16  Plaintiff on Plaintiff's home telephone numbers ending in -0504, in an attempt to
17  solicit Plaintiff to provide money to Defendant's clients.

18  9.    Plaintiff's home telephone number ending in -0504 has been
19  registered on the National Do-Not-Call Registry since 2007.

20  10.   Defendant continued to numerously call Plaintiff's home telephone.

21  11.   Plaintiff explicitly and multiply requested Defendant to put her on
22  their internal do-not-call list.

23  12.   Despite this, Defendant continued to call Plaintiff in an attempt to
24  solicit its services and in violation of the Do-Not-Call provisions of the TCPA
25  thus repeatedly violating Plaintiff's privacy.

26  13.   During all relevant times, Defendant did not possess Plaintiff's
27  "prior express consent" to receive calls and had no prior business relationship with
28  Plaintiff.

14. Additionally, based off the pattern and content of the calls, Plaintiff alleges that Defendant did not have in place procedures for the maintenance of an internal do-not-call list for telemarketing purposes in violation of *47 U.S.C. § 227(c)*, which incorporates the provisions of *47 C.F.R. 64.1200(d)*.

15. Additionally, Plaintiffs alleges that Defendant did not have in place procedures for compliance with the National Do-Not-Call registry and thus also violated those provisions of *47 U.S.C. § 227(c)*.

16. Through this action, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

17. Defendant's calls forced Plaintiff and class members to live without the utility of their home phones by forcing Plaintiff and class members to silence their home phones and/or block incoming numbers. Plaintiff is particularly susceptible to this issue as she is elderly and must use a "teletype" style phone to receive calls.

## CLASS ALLEGATIONS

18. Plaintiff brings this action individually and on behalf of all others similarly situated, as a member of the proposed class (hereafter "The Class") defined as follows:

> All persons within the United States whose telephone numbers were listed on the National Do-Not-Call Registry for at least thirty (30) days prior to any solicitation calls or Defendant's and/or its agent's internal do-not-call registries, including person who had requested that Defendant stop calling but Defendant did not add those telephone numbers to the internal do-not-call registries, but who received calls by or on behalf of Defendant for the purpose of promoting the sale of Defendant's products or services, within the four years prior to the filing of the Complaint.

19.    The Class is so numerous that the individual joinder of all of its members is impractical.  While the exact number and identities of The Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Classes includes thousands of members.  Plaintiff alleges that The Class members may be ascertained by the records maintained by Defendant.

20.    Plaintiff and members of The Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and Class members via their telephones thereby causing Plaintiff and Class members to incur certain charges or reduced telephone time for which Plaintiff and Class members had previously paid by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiff and Class members.

21.    Common questions of fact and law exist as to all members of The Class which predominate over any questions affecting only individual members of The Class.  These common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

a.    Whether, within the four years prior to the filing of this Complaint, Defendant made any telemarketing/solicitation call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member for which it did not have prior express consent to make;

b.    Whether Defendant maintained adequate internal do-not-call policies, training, and provisions as is required under *47 U.S.C. § 227(c)*, incorporating the specific requirements of *47*

*C.F.R. 64.1200(d)*;

    c.    Whether Defendant maintained adequate policies, training, and provisions to comply with the National Do-Not-Call List as is required under *47 U.S.C. § 227(c)*, incorporating the specific requirements of *47 C.F.R. 64.1200(d*

    d.    Whether Plaintiff and the Class members were damages thereby, and the extent of damages for such violation; and

    e.    Whether Defendant should be enjoined from engaging in such conduct in the future.

22.    As a person that received numerous telemarketing/solicitation calls from Defendant after requesting to be placed on Defendant's do-not-call list and is registered on the National Do-Not-Call list, Plaintiff is asserting claims that are typical of The Class.

23.    Plaintiff will fairly and adequately protect the interests of the members of The Class. Plaintiff has retained attorneys experienced in the prosecution of class actions.

24.    A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

25.    The prosecution of separate actions by individual Class members

would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

26.     Defendant has acted or refused to act in respects generally applicable to The Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

## FIRST CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act
### 47 U.S.C. §227(c)

27.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-26.

28.     The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(c).*

29.     As a result of Defendant's negligent violations of *47 U.S.C. § 227(c)*, Plaintiff and the Class Members are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(c)(5).*

30.     Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

### Knowing and/or Willful Violations of the Telephone Consumer Protection Act
### 47 U.S.C. §227(c)

31.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-26.

32.     The foregoing acts and omissions of Defendant constitute numerous

and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(c)*.

33.    As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227(c)*, Plaintiff and the Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(c)(5)*.

34.    Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant for the following:

## FIRST CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227(c)

- As a result of Defendant's negligent violations of *47 U.S.C. §227(c)(1),* Plaintiff and the Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C.  227(c)(5)*.
- Any and all other relief that the Court deems just and proper.

## SECOND CAUSE OF ACTION

### Knowing and/or Willful Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227(c)

- As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227(c)(1)*, Plaintiff and the Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(c)(5)*.
- Any and all other relief that the Court deems just and proper.

35.     Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully Submitted this 11th Day of June, 2018.

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By:   /s/ Todd M. Friedman
      Todd M. Friedman
      Law Offices of Todd M. Friedman
      Attorney for Plaintiff